Rick J. Horton (#027589)
Lloyd Baker (#027915)
**LLOYD BAKER ATTORNEYS**
4428 N. 12th Street
Phoenix, Arizona 85014
Telephone: (602) 265-5555
Facsimile: (602) 265-5550
E-Mail: rick@bakerattorneys.net
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSE H. PERALTA, individually, | No.: CV-17-01868-PHX-DJH(BSB) |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| STATE OF ARIZONA; COLONEL FRANK MILSTEAD, in his official capacity as Director of Arizona Department of Public Safety; TROOPER TRACY COLLINS, individually and in her official capacity as a Trooper with the Arizona Department of Public Safety; JOHN DOE OFFICERS, I-X; JANE DOE OFFICERS I-X; JOHN DOE SUPERVISORS, I-X; JANE DOE SUPERVISORS I-X; BLACK CORPORATIONS I-X; and WHITE PARTNERSHIPS, I-X, | (JURY TRIAL DEMANDED) |
| Defendants. | |

This First Amended Complaint is being filed after the parties have met and conferred and agreed to the filing of this First Amended Complaint and pursuant to the Courts' Order of September 19, 2017 [Doc. 17]. For his First Amended Complaint against the Defendants, Plaintiff Jose H. Peralta, through undersigned counsel, hereby alleges as follows:

# PARTIES

1. At all times relevant herein, Plaintiff Jose H. Peralta was a citizen of the United States of America and a resident of Maricopa County, Arizona.

2. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN DOE OFFICERS I-X, JANE DOE OFFICERS I-X, JOHN DOE SUPERVISORS I-X; JOHN DOES I-X, JANE DOES I-X, BLACK CORPORATIONS I-X and WHITE PARTNERSHIPS I-X. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

3. Plaintiff is informed and believes and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged.

4. Plaintiff is and believes and thereon allege that Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

5. Defendant State of Arizona ("State") is a body politic.

6. Defendant Colonel Frank Milstead ("Milstead") is the Director of the Arizona Department of Public Safety.

7. Milstead is a state actor and is the final policymaker for the Arizona Department of Public Safety and is permitted to exercise his authority as Director of the Arizona Department of Public Safety through the use of deputies and officers of the Department of Public Safety.

8. Defendant Trooper Tracy Collins ("Collins") is and was at all times relevant herein a Trooper with the Arizona Department of Public Safety and was so at all operative dates and times herein alleged in this Complaint acting in her official capacity as a Trooper with the Arizona Department of Public Safety.

9. JOHN DOE OFFICERS, I-X, JANE DOE OFFICERS I-X, JOHN DOE SUPERVISORS, I-X, JANE DOE SUPERVISORS I-X; JOHN DOES I-X; JANE DOES I-X, were duly appointed law enforcement officers, sergeants, lieutenants, detectives and/or deputies,

or other officers, officials, executives and policymakers of the State and Arizona Department of Public Safety.

10. JOHN DOE OFFICERS I-X, JANE DOE OFFICERS I-X, JOHN DOE SUPERVISORS I-X, JANE DOE SUPERVISORS I-X; JOHN DOES I-X; JANE DOES I-X, were at all times mentioned herein, acting within the course and scope of their employment and/or agency with the State, by and through the Arizona Department of Public Safety, which is liable in respondeat superior for the acts of all Defendants alleged herein.

11. At all times mentioned herein, said Defendants JOHN DOE OFFICERS I-X, JANE DOE OFFICERS I-X, JOHN DOE SUPERVISORS I-X, JANE DOE SUPERVISORS I-X; JOHN DOES I-X; JOHN DOES I-X; JANE DOES I-X, were also acting under the color of the law under the laws of the State and County. Said Defendants are sued individually and in their capacities as herein and above-defined employees, agents and representatives of the State and Arizona Department of Public Safety.

12. Defendants State and the Arizona Department of Public Safety are encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein as carried out by themselves, their agents and/or employees.

## JURISDICTION AND VENUE

13. This action arises under the Constitution of the United States, particularly the Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983, and under Arizona Law.

14. This Court has jurisdiction over Plaintiff's Federal Civil Rights claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 144.

15. This Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona pursuant to 28 U.S.C. § 1376 (c).

16. The acts complained of occurred within Maricopa County, State of Arizona. All Defendants currently reside, or resided at relevant times, within the State of Arizona. Thus, venue is proper in the District of Arizona pursuant to U.S.C. § 1391(b).

17. Venue is proper within the District of Arizona pursuant to 28 U.S.C. § 1402(b) because all acts referred to herein occurred within the District of Arizona.

18. As to the state claims under Arizona state law, a timely Notice of Claim was served on December 22, 2016 on the Governor and Attorney General of the State and the Risk Management Department of the State, which complied in all ways with A.R.S. § 2-821.01. The claim was acknowledged by Risk Management and has not been denied nor accepted therefore, deemed denied by statute.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

19. Plaintiffs incorporate each and every allegation set forth above as if fully set forth herein.

20. On July 2, 2016, Jose Hernandez Peralta was involved in a single motor vehicle incident on southbound Interstate 17 at milepost 206.5 at the Northern Avenue off ramp. After the incident, DPS was called and dispatched Trooper, Tracy Collins to the scene. At the scene of the incident, Mr. Peralta was arrested for suspicion of driving under the influence. The incident report indicates this occurred at approximately 1:42 a.m. Officer, Tracy Collins handcuffed Mr. Peralta behind his back (double locked) and removed all items from his pockets. Officer, Collins then secured Mr. Peralta in the right rear prisoner compartment of the patrol car.

21. Officer, Collins then transported Mr. Peralta to the Arizona Department of Public Safety, Knutson Station (KS), located at 2610 South 16th Street, in Phoenix, AZ. Upon arrival, Mr. Peralta stated that he needed to use the restroom. Officer Collins removed Mr. Peralta's handcuffs and showed him to the restroom. After about 5 minutes, Officer Collins knocked on the door to see if Mr. Peralta was OK and no response was given therefore, a male officer entered

4

1  the restroom to check on Mr. Peralta. Mr. Peralta exited the restroom at which time Officer
2  Collins placed Mr. Peralta back in the handcuffs this time to the front instead of back. At
3  approximately 2:53 a.m., Officer Collins administered Mr. Peralta breath intoxication tests. At
4  approximately, 3:18 a.m., Officer Collins read Mr. Peralta the Independent Test Advisory and
5  placed him in the #3 north holding cell seating him on a bench by himself while still handcuffed.
6  Officer Collins then left the facility, with no supervision over Mr. Peralta, returned to her patrol
7  vehicle to gather Mr. Peralta belongings. Upon her arrival, Officer Collins noticed Mr. Peralta
8  seated on the bench of the holding cell with his hands in his face facing the secured door of the
9  cell. At no time did she go check on him.

10    22. While sitting at her desk facing the computer, Officer Collins heard a loud slam.
11  Officer Collins got up from the desk and looked through the observation window of Mr. Peralta's
12  cell and observed him with his buttocks up, knees bent beneath him, with his head against the
13  cell door and a pooling of blood forming beneath his face. As Officer Collins opened the cell
14  door, Mr. Peralta slid forward as his legs extended, as they were in contact with the base of the
15  bench. Officer Collins told Mr. Peralta to roll over onto his back however, Mr. Peralta advised
16  that he could not. Officer Collins then grabbed Mr. Peralta by his belt loops, rolled him to the
17  right and onto his back. Additionally, Officer Collins then grabbed the back of Mr. Peralta's
18  shirt by the collar and pulled him out into the hallway attempting to forcefully straighten his
19  body and head. Then using his shirt once again, Officer Collins dragged Mr. Peralta down the
20  hallway approximately 12 feet.

21    23. On July 2, 2016, Jose Peralta sustained serious injuries while being held at the DPS
22  Knutson Station located at 2610 South 16th Street, in Phoenix while in the custody and control
23  of DPS Officer, Collins. While in the holding cell and in the custody of the Arizona Department
24  of Public Safety, Mr. Peralta sustained injuries which caused paralysis from the neck down.
25  Phoenix Fire Department arrived and transported him to Maricopa Integrated Health System

(MIHS) where he underwent two neck surgeries due to his cervical spinal cord injury. The Arizona Department of Public Safety had the duty to ensure the safety of persons being booked into custody and while under their control. Officer Collins breached these duties and responsibilities by not ensuring the safety and care of Mr. Peralta while in custody of the Department of Public Safety.

24. The State of Arizona, through its agency the Department of Public Safety and the employees, officers and/or agents of the same, was negligent, grossly negligent, carelessness and violated the standard of care for law enforcement agencies and officers. The negligence, gross negligence, carelessness and breach of the standard of care by the State of Arizona and its agents caused or contributed to the permanent and catastrophic injuries suffered by Mr. Peralta as described herein. Upon information and belief, the Department of Public Safety and its agents responsible for holding Mr. Peralta failed to follow policies and protocols designed to minimize the risk of injury to persons like Mr. Peralta in the custody of DPS and its agents. DPS and its agents were responsible for Mr. Peralta at all times while in the custody and control of DPS and DPS and its agents' failure to comply with the standard of care for a law enforcement officer caused or contributed to Mr. Peralta's catastrophic and permanent injuries.

## CLAIMS FOR RELIEF

## COUNT ONE:  NEGLIGENCE

**[As Against Defendant State of Arizona]**

25. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

26. During and throughout the detention of Jose Peralta, Defendants had a duty of care to protect Jose Peralta from harms against which he was unable to protect himself. This included the physical harm suffered by Mr. Peralta as well as the necessary medical care and attention to be provided to Mr. Peralta under the circumstances.

27. Upon information and belief, Defendants breached this duty of care by, among other things, failing to obtain the necessary medical care and attention to Mr. Peralta, appropriate medical care and attention under the circumstances as well as keeping Mr. Peralta handcuffed after he had already been processed and placed in a jail cell.

28. The Defendants owed a non-delegable duty for the care, custody, and control of pretrial detainees within the State of Arizona jail system.

29. The above-mentioned incident and resulting injuries suffered by Jose Peralta was caused by the careless, negligent, and unlawful acts and/or omissions of Defendants and/or its agents and employees.

### COUNT TWO: 42 U.S.C. § 1983

### [Against Defendants, Collins and Milstead]

30. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

31. Plaintiff, Jose H. Peralta had a Fourth Amendment due process right to be free from violence and injury while in custody. The Fourth Amendment to the United States Constitution protects prisoners from unreasonable seizures by prohibiting excessive force used. Plaintiff, Jose Peralta had a right under the Constitution of the United States to be fee from excessive punishment and indifference to his medical needs, as well as the right to due process and equal protection, by employees of governmental entities.

32. 42 U.S.C. section 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

33. Defendants, while acting in their official capacity as duly appointed, qualified and acting policy officer employed by the State of Arizona and the Arizona Department of Public Safety while acting within the course and scope of their employment and acting under color of law, negligently and recklessly allowed for a caused to be allowed Jose Peralta to be permanently injured and not rendering appropriate medical care and attention all demonstrating deliberate indifference to the health, safety and medical needs of Jose Peralta through their policies, practices and procedures.

34. At the time of the complained-of events, the Fourteenth Amendment to the United States Constitution clearly established Mr. Peralta's right to not be deprived of his life, liberty, or property without due process of law.

35. At the time of the complained-of events, any reasonable police officer would have known that the Constitution clearly establishes the right of American citizens to be deprived of their life, liberty, safety, or property without due process of law.

36. Specifically, the Due Process Clause of the Fourteenth Amendment to the United States Constitution forbids a state actor from being deliberately indifferent to the medical needs of a pretrial detainee.

37. At all times relevant to this Complaint, Defendants were acting under color of law, under the constitution, statutes, administrative rules, customs, policies and usages of the County of Maricopa, State of Arizona and the United States and had assumed the responsibilities, activities and rights involved in exercising their roles as employees of the State's professional staff.

38. The conduct of the Defendants as alleged herein, violated the Plaintiff's right to be secure in his person, safe from harm while in the custody of the Arizona Department of Public Safety along with unreasonable seizures and unreasonable use of force and confinement as guaranteed by the Fourth Amendment of the United States Constitution.

39. Defendant Collins violated these rights when she kept Mr. Peralta handcuffed after processing him for booking had been complete and placing him in a jail cell against the policy of the Arizona Department of Public Safety.

40. Additionally, Defendant Collins violated these rights by rendering grossly insufficient, below standard of care emergency medical attention to Mr. Peralta after he advised Defendant Collins of his injuries. This is further supported by Defendant Collins own admissions that she was never trained in how to render assistance and care for a neck injury in an emergency situation.

41. Internal review of the facts of the incident by the Arizona Department of Public Safety revealed deficiencies in the areas of policy, procedure and equipment. This is supported in their findings of a deficiency in Central Patrol Bureau Order 02-01, Officer Security and Prisoner Processing.

42. Arizona Department of Public Safety investigation further revealed deficiencies in the monitoring of prisoners along with the necessity to upgrade the divisions panic button to allow for a quicker response time.

43. As a direct and proximate result of Defendants wrongful conduct as alleged herein, Jose Peralta's constitutional rights were violated and Plaintiff has suffered greatly.

44. The acts and omissions of Defendants, acting under color of law as alleged herein, were outrageous, wanton, malicious, punitive, abusive, and in reckless disregard to Mr. Peralta's rights.

45. By reason of the foregoing, punitive damages, in an amount to be determined upon the trial of this action, should be awarded against Defendants to punish them for wrongdoing and to prevent them and others from acting in a similar manner.

46. As a direct and proximate result of the actions of Defendants, Plaintiff has forever been permanently injured and had been extremely damaged in an amount to be proven at the time of trial.

47. The above-described acts of Defendants and their employees were done knowingly, intentionally, and recklessly, and inflicted injury upon Plaintiffs in a conscious, wanton and callous disregard of decedent's constitutional rights and by reason thereof, Plaintiffs claim compensatory, general, special, exemplary and punitive damages from Defendants in an amount to be determined upon the trial of this action. In addition, Plaintiff seeks an award of attorneys' fees.

## COUNT THREE: 42 U.S.C. § 1983

## UNCONSTITUTIONAL POLICIES, CUSTOMS AND FAILURE TO TRAIN

### [As against Defendant Milstead]

48. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49. Defendants State, the Arizona Department of Public Safety and Defendant Milstead had in place, and had ratified, official policies, procedures, longstanding customs and practices which permitted and encouraged their custody deputies and employees to unjustifiably, unreasonably and in violation of the Fourth and Eighth Amendments conduct or allow to happen the physical injury to those in their custody such as Jose Peralta.

50. Additionally, Defendants State and the Arizona Department of Public Safety and Defendant Milstead have failed to adequately train their employees in how to respond, act, treat and render emergency aide when a pretrial detainee such as Mr. Peralta suffers a neck injury while in their care, custody and control.

51. Furthermore, Defendants, State, the Arizona Department of Public Safety and Defendant Milstead have been aware of extensive documentation of numerous acts and instances of individuals in custody, resulting in serious injuries.

52. Defendants, through its elected and appointed officials, knew or should have known that unconstitutional policies, practices, customs and training existed in the operation of the Arizona Department of Public Safety as it relates to the interaction between officers and detainees and yet they failed to properly address such improper policies and practices and failed to implement appropriate policies and procedures and training in order to ensure such actions as the injuries to Jose Peralta to ever take place.

53. Said longstanding customs and official policies also called for Defendants not to discipline, prosecute or objectively investigate or in any way deal with or respond to known incidents the relevant stations of the Arizona Department of Public Safety such as the Kntuson Station of ever being investigated.

54. The wrongful conduct of the Defendants as alleged herein, constituted the violation of 42 U.S.C. § 1983 in that they deprived Jose Peralta of the rights, privileges and immunities secured to him by the Constitution and laws of the United States.

55. As a direct and proximate result of the wrongful conduct of Defendants, decedent's constitutional rights were violated and Plaintiff has and will continue to suffer in the future.

56. As a result, compensatory, general, and special damages, in an amount to be determined upon a trial of this action, should be awarded against the Defendants plus punitive damages to punish for the wrongdoing and to prevent other municipalities from acting in a similar manner in the future. In addition, Plaintiffs see an award of attorneys' fees pursuant to 42 U.S.C. § 1983.

57. The above-mentioned incident and resulting injuries to Jose Peralta were caused by the careless, negligent, and unlawful acts and/or omissions of Defendants and/or its agents and employees.

58. As a direct and proximate result of the careless, negligent, and unlawful acts and/or omissions of Defendants and their employees, through its agents/employees, Plaintiff has forever injured and permanently been impaired and damaged in an amount to be proven at the time of trial.

59. As a direct and proximate result of the conduct and negligence of the Defendants causing the injuries to Jose Peralta, Plaintiff has incurred expenses associated with his injuries including, but not limited to, medical expenses, future medical expenses as well as lost wages and has, thereby, suffered special damages in an amount to be proven at the time of trial.

## COUNT FOUR: SUPERVISORY RESPONSIBILITY

### [Against State and Milstead]

60. Plaintiffs incorporate each and every allegation set forth above as if fully set forth herein.

61. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

62. Defendants State, The Arizona Department of Public Safety and Milstead and JOHN DOE OFFICERS I-X, JANE DOE OFFICERS I-X, JOHN DOE SUPERVISORS I-X, JANE DOE SUPERVISORS I-X; JOHN DOES I-X and JANE DOES I-X in doing all the things herein alleged above, acted with the deliberate indifference to the health, safety and welfare of the detainee at their stations, that Defendants and each of them supervised. Said Defendants, through their inquiry and investigation, were aware of ongoing detainee safety along with improper medical care and treatment including all conduct such as alleged herein.

63. Despite this knowledge, these Defendants failed to take action to stop such egregious misconduct. By doing so, said Defendants allowed such actions to occur included the injuries sustained by Jose Peralta.

64. The aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendants resulted in the aforementioned civil rights violations, causing injuries to Jose Peralta.

**COUNT FIVE:**
**Article 2, Sections 2, 4 and 15 of the Arizona Constitution**

**[As Against Defendant State of Arizona]**

65. Plaintiffs incorporate each and every allegation set forth above as if fully set forth herein.

66. Article 2, section 2 of the Arizona Constitution guarantees persons due process of law, and Article 2, section 4 of the Arizona Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law, and Article 2, section 15 of the Arizona Constitution forbids cruel and unusual punishment. For the reasons set forth above, Defendants' conduct violated these constitutional provisions.

67. As a direct result of the Defendants' breaches of the Arizona Constitution, Jose Peralta suffered permanent injuries and disability.

68. As a further result of Defendants' breaches of the Arizona Constitution, Plaintiff suffered harm and losses including but not limited to: (1) the loss of physical abilities; (2) loss of being able to care for himself; (3) the pain and suffering experienced in the past, currently experiencing and to be expected in the future; (4) medical expenses both past, present and future as well as lost wages; (5) loss in the enjoyment of life.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

69. For special damages in an amount sufficient to compensate Plaintiff in an amount sufficient to compensate same for past, present and future economic losses together with interest thereon at the highest lawful rate from the date said expenses occurred or the date of judgment, whichever is sooner;

70. For general damages, in an amount sufficient to compensate Plaintiff. in an amount to be proven at the time of trial together with interest thereon at the highest lawful rate from the date of judgment until paid in full;

71. For special damages in an amount sufficient to compensate Plaintiffs for past, present and future medical expenses in an amount to be proven at the time of trial together with interest thereon from the date said expenses were incurred until paid in full;

72. Punitive damages to punish and deter the reprehensible conduct alleged in this Complaint;

73. Attorneys' fees pursuant to 42 U.S.C. § 1988;

74. For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

75. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all issues and claims for damages.

//

//

//

//

**DATED** this 20th day of November, 2017.

**LLOYD BAKER INJURY ATTORNEYS**

By: */s/ Rick J. Horton*
Rick J. Horton, Esq.
Lloyd W. Baker, Esq.
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2017 I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System.

I further certify that on the same date, the attached document was automatically sent to the following, who are registered participants of the CM/ECF System;

Michael G. Gaughan, Esq. (010245)
Connie T. Gould, Esq. (013544)
Assistant Attorney General
1275 West Washington Street
Phoenix, Arizona 85007-2926
DefensePhx@azag.gov
Michael.Gaughan@azag.gov
Connie.Gould@azag.gov
*Attorneys for State Defendants*

By: */s/ Julia Halbmaier*